■ 853 SEVENTH AVENUE OWNERS, LLC, Appellant, v W & HM REALTY CO., LLC, Also Known as W & HM REALTY PARTNERS LLC, Respondent. W & HM REALTY CO., LLC, Respondent, v 853 SEVENTH AVENUE OWNERS, LLC, Appellant. [895 NYS2d 69]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered June 8, 2009, which denied plaintiff 853's motion to modify a prior order declaring that the impact of the rent stabilization and rent control laws should not be considered in appraising land defendant W & HM leased to 853, unanimously affirmed, with costs. Order (same court and Justice), entered June 11, 2009, which, in a related special proceeding, granted W & HM's petition to confirm an appraisal award, unanimously affirmed, with costs. Order (same court, Justice and entry date), which denied 853's cross petition to vacate that award, unanimously affirmed, with costs.

This Court has previously rejected 853's claim that in determining the value of—and, in turn, the rent for—property it leases from W & HM, the appraisers should consider the

impact of the rent control and rent stabilization laws (18 AD3d 241 [2005]). Our finding there was based on the clear language in the lease before us that "[t]he net annual rent during each renewal term shall be an amount equal to 6% of the appraised value of the land . . . exclusive of any buildings or improvements thereon and this Lease." The opinion of the Court of Appeals in *936 Second Ave. L.P. v Second Corporate Dev. Co., Inc.* (10 NY3d 628 [2008]) does not constitute a change in the law and does not warrant a modification of our prior ruling. In that case, where the determination of rent for the net lease was to be based on "the value of the demised premises together with all buildings and improvements thereon including any and all additions and improvements erected by Tenant" (*id.* at 631-632), the Court found that the net lease itself was to be taken into account in determining the rent. Since the wording of the lease here at issue specifically excludes buildings or improvements, as well as the lease itself, from the determination of value, the finding in *936 Second Ave.* is of no effect (*see New York Overnight Partners v Gordon*, 88 NY2d 716 [1996]).

We have considered 853's remaining contentions and find them unavailing. Concur—Andrias, J.P., Catterson, Renwick, DeGrasse and Manzanet-Daniels, JJ.